McCORD, Judge.
This appeal is from an order denying appellant’s motion for an order directing levy upon appellees’ homestead located in Franklin County, Florida. The appellant was plaintiff below and appellees were defendants. The order states as follows:
THIS CAUSE came on to be heard before the Court on the Plaintiff’s Motion for an Order Directing Levy on real property of the Defendants known as Sportsman’s Lodge in Franklin County, Florida pursu *1360 ant to a General Judgment rendered in the State of Arizona on April 5, 1976, in Case No. 152,731 against the Defendants on the grounds that said Judgment in Arizona represented a claim by Plaintiff against Defendants on an obligation wherein Defendants were a party to a contract in Arizona that provided among other things for the Plaintiff to be given a simultaneous mortgage upon the Sportsman’s Lodge property in Franklin County, Florida as well as other properties in Arizona in consideration of an exchange by Plaintiff of certain Arizona property to a third party who had conveyed Sportsman’s Lodge to the Defendants. The Defendants filed a Motion to Dismiss or Strike the Motion for Order Directing Levy on the ground that the contract on Sportsman’s Lodge property was involved in the Arizona lawsuit where an election was made by Plaintiff to waive the enforcement of the contract and seek damages for breach of contract which resulted in the General Judgment entered in the Arizona case. Plaintiff now seeks to enforce this Judgment claiming a specific lien against the real property of Defendants known as Sportsman’s Lodge in Franklin County, Florida. The Court has examined the authenticated copies of the proceedings in Arizona which discloses that the Arizona Court has jurisdiction over the persons of the Defendants Allen. At the trial of said cause the Plaintiff elected to waive the enforcement of the contract involving the Sportsman’s Lodge property and sought damages for breach of contract. A Final Judgment was entered against the Defendants in the amount of $83,500.00 for compensatory damages plus interest at the rate of 8% per annum from December 12,1974, attorney’s fees of $14,500.00 and punitive damages in the amount of $5,000.00 plus interest at the rate of 6% per annum. A partial Satisfaction of Judgment was filed on August 10,1976 in the amount of $23,510.31 which should be credited to the total amount of the Judgment and interest. This Court recognized that Judgment under the full faith and credit clause of the Constitution as a General Judgment against the Defendants by Summary Judgment on May 6, 1977.
The Court having considered the motion of the Plaintiff and evidence in said cause is of the opinion that the Plaintiffs election of remedy in the Arizona case to waive enforcement of specific performance of the contract which provided for a mortgage on the Sportsman’s Lodge property and seek damages for breach of contract merged the claim into the judgment and that this Court is now precluded from changing the nature of the Arizona Judgment to provide for a specific lien upon the real property in Florida which the Plaintiff abandoned claim to in the Arizona court.
It is thereupon, on consideration thereof
ORDERED AND ADJUDGED as follows:
1. That the Summary Judgment heretofore entered in this cause on May 6,1977, recognizing the Arizona Judgment as being entitled to full faith and credit in the State of Florida, be, and the same is hereby ratified and confirmed that the Plaintiff do have and recover from the Defendants the sum of $111,335.55 as the balance due on this Judgment as of this date, for all of which let execution issue.
2. That the claim of the Plaintiff for a specific lien against Florida real property, be, and the same is hereby denied.
Prior to this order the trial court had entered an order of summary judgment on May 6, 1977, in which it found that the Arizona judgment constitutes a valid judgment entitled to full faith and credit in the State of Florida with the same effect as a Florida judgment and directed that execution issue. Then subsequently, on May 18, 1977, the trial court reserved ruling on the question of whether the judgment creates a lien against Florida property which can be reached by execution or levy. While this May 18 order appears to conflict with the May 6 order, the apparent intent of the trial court was to reserve ruling on whether or not execution or levy could be made on appellee’s homestead property. Appellant *1361 sought levy on the property in question, but the Franklin County Sheriff refused to levy on the ground that he had been served a copy of a judicial determination that the property constituted homestead. Appellant then filed with the trial court a motion for order directing the sheriff to levy upon and sell the property pursuant to appellant’s judgment lien, appellant contending that its claim against appellees represented by the judgment “constitutes an obligation contracted for the purchase of the property against which plaintiff seeks to levy and thus this property as to the plaintiff is not exempt from forced sale within the meaning of Article X, Section 4, Florida Constitution of 1968.” The above-quoted order of May 1, 1979, from which this appeal is taken, was the trial court’s ruling on that motion.
Appellant argued before the trial court and argues here that the obligation upon which appellant’s judgment is based arose from an agreement between the parties in 1974 providing for a three-party simultaneous closing of an exchange of property and obligations for payment; that appellant agreed to transfer certain real and personal property in Arizona to appellees, who in turn agreed to simultaneously transfer the same property to a third party who would in turn transfer to appellees real property in Franklin County, Florida (the property upon which appellant now seeks to levy); that as consideration, appellees agreed to execute a promissory note in favor of appellant secured by a first mortgage on the Florida property; that all parties agreed to place the necessary documents of title in other instruments with an escrow agent prior to the date of closing; that without appellant’s knowledge and consent, appellees obtained appellant’s deed and other documents of title, transferred the property in order to acquire Florida property, and immediately moved to Florida as residents of the Florida property never paying appellant the amount agreed nor delivering the note and mortgage required by the agreement. It appears that in the Arizona action (as the trial court pointed out in its order) appellant sought alternative relief seeking on the one hand a monetary judgment for breach of contract and on the other specific enforcement of the contract which, if granted, would have required appellees to deliver to appellant the note and mortgage of the Florida property; that in the course of the trial in Arizona, appellant elected to proceed on breach of contract and waived the remedy of specific enforcement of the contract. Appellant contends that the trial court erred in applying the doctrine of merger to deny it the relief sought. We agree.
Article X, Section 4, of the Florida Constitution provides in pertinent part as follows:
(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for ... obligations contracted for the purchase .. . thereof, . . . the following property owned by the head of a family:
(1) A homestead, . . . (Emphasis supplied.)
By waiving its right to specific performance of its contract with appellees in the Arizona case, appellant did not preclude any right it may have under the above-quoted constitutional provision for an execution lien upon appellee’s Florida homestead property if the judgment upon which it seeks execution is predicated upon an obligation contracted for the purchase of the property. See Porter, et al. v. Teate, 17 Fla. 813 (1880), in which the Supreme Court affirmed the decree of the chancellor which went behind a general judgment and subjected certain lands to sale to satisfy a general judgment, the court finding:
.. . The breach of the covenants and the value of the consideration was legally established by the action and recovery of judgment by Teate against Porter. The judgment establishes the amount due Teate of the consideration for the sale of the Jefferson county land, which had not been paid or otherwise satisfied.
The Supreme Court’s opinion was predicated upon a provision of the Florida Constitu *1362 tion of 1868 which contained in substance the same provision relating to forced sale of a homestead as does the present constitution:
A homestead ... shall be exempted from forced sale under any process of law, and the real estate shall not be alienable . . . But no property shall be exempt from sale ... for payment of obligations contracted for the purchase of said premises, Art. IX, § 1, Fla.Const. (1868).
When one elects to pursue one of two different co-existent modes of procedure and relief which are repugnant and inconsistent, the election of one precludes resort to the other. Thus having elected and pursued one of two such remedies to judgment, the doctrine of merger precludes reinstituting the action to seek the other remedy. The election of remedies and merger doctrines are not applicable to the relief appellant seeks, however. Appellant is not here attempting to reinstitute a cause of action for specific performance on the facts of its Arizona action but is merely seeking to levy upon the property in question under its general judgment which has been established by the trial court as a Florida judgment through giving full faith and credit to appellant’s general Arizona judgment.
If properly authenticated copies of the Arizona proceedings show that the judgment (or a determinable part of it) is for the purchase price of the appellees’ now homestead Florida property, levy on the property to satisfy the judgment (or such part thereof) should be directed. This would not involve, and we do not authorize, a retrial in Florida of the case which was tried in Arizona or an alteration of the judgment, or the grounds on which it is based. It only involves an examination of such portions of the Arizona proceedings as are offered and received in evidence in this cause to determine, if possible, from those proceedings whether or not the judgment, or a determinable part of it, was for the purchase price of the Florida property.
Reversed and remanded for further proceedings consistent herewith.
MILLS, C. J., and BOOTH, J., concur.